## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:20-CV-00029-HBB

**TAMMY L. MELLOAN**                                                   **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                        **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Tammy L. Melloan ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 15) and Defendant (DN 20) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered June 4, 2020 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on February 28, 2017[1] (Tr. 83, 299, 318). Plaintiff alleges to have become disabled on December 18, 2015, as a result of cervical and thoracic facet arthritis, degenerative disc disease, radiculopathy, whiplash syndrome, migraines, major depression, high blood pressure, thyroid disease, posttraumatic stress disorder, and high cholesterol (Tr. 83, 299, 318). These claims were initially denied on July 9, 2017,[2] and the denial of the claims were affirmed upon reconsideration on October 5, 2017 (Tr. 83, 298-314, 317-32). Administrative Law Judge Debra Bice ("ALJ") conducted a video hearing from Kansas City, Missouri on January 15, 2019 (Tr. 83, 173). Virtually present at the hearing from Bowling Green, Kentucky was Plaintiff and her attorney Charles Dale Burchett (Id.). During the hearing, Bernard M. Preston testified as a vocational expert (Tr. 85, 173).

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 18, 2015, the alleged onset date (Tr. 85). At the second step, the ALJ determined Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, fibromyalgia, depression, and anxiety (Id.). The ALJ also found Plaintiff's thyroid disease, diarrhea, hypertension, migraine headaches, high cholesterol, and polysubstance abuse (Tr. 87). At the third step, the ALJ concluded that Plaintiff does not have an impairment or

---

1 Plaintiff asserts that she "is entitled to a February 6, 2016 protective filing date" (DN 15 PageID 1640). This argument focuses on the ALJ's denial and Appeals Council's determination in a prior application (Id.). Defendant concedes "Plaintiff is correct that the Agency should have recognized the protective filing date on February 8, 2016" (DN 20 PageID 1661). However, as Defendant correctly pointed out, the ALJ's determination considered the time period form December 18, 2015, the alleged onset date, to the date of the ALJ's decision (Id.; Tr. 92). As such, this error in listing the protective filing date is harmless.

2 The ALJ's decision states that the initial disability determination occurred on July 10, 2017 (Tr. 83), but the date following the signature of Disability Adjudicator/Examiner Keith Rowland reads July 9, 2017 (Tr. 314). This appears to be a simple typographical error.

combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except for the following limitations: Plaintiff can only occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; she can occasionally stoop, crouch, and crawl; she needs to avoid concentrated exposure to vibrations; she can perform simple and routine work and occasional and superficial interaction with the general public; she is required to have the option to change positions, while seated for approximately 30 to 60 minutes, she will need to stand for a few minutes but can remain on task; she is also limited to frequent handling and fingering with the left non-dominant arm, with no limits for the dominant right arm (Tr. 88). The ALJ found Plaintiff is unable to perform any past relevant work (Tr. 92). After this finding, the ALJ also considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert, to find that Plaintiff is able to perform other jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 18, 2015, the alleged onset date, through the date of the decision (Tr. 93).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 411-12). The Appeals Council denied Plaintiff's request for review (Tr. 1-7).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 3

1. Arguments of the Parties

Plaintiff argues that "[t]he ALJ's consideration of headaches is inadequate[, because] [t]he ALJ fails to give proper consideration to [Plaintiff]'s headaches when evaluating the 'severe' impairments" (DN 15 PageID 1641). This conclusion is based on the ALJ's statement that "[t]he claimant has had migraines since 2003 and her medications were recently adjusted" (Id. at PageID 1642; Tr. 87) (internal citations omitted). Plaintiff contends that the medical evidence before the ALJ shows that Plaintiff's migraines are "not well controlled" and medication does not appear to be helping (DN 15 PageID 1642).

In contrast, Defendant claims that Plaintiff, not the ALJ, bore the ultimate burden of proof on the issue of disability, including existence and severity of limitations (DN 20 PageID 1664). Defendant cites to Fisk v. Astrue, 253 Fed. Appx. 580 (6th Cir. 2007), in stating that so "long as a claimant has at least one severe impairment or combination of impairments, the ALJ must proceed beyond step two," and "the ALJ found that Plaintiff had several severe impairments" (Id. at PageID 1664-65). Later in his argument, Defendant states, "Plaintiff fails to show how the medical record indicates that headaches caused any functional limitations rising to the level of a severe impairment or that the ALJ otherwise erred in considering them" (Id. at PageID 1666).

2. Discussion

At the second step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); SSR 16-3p, 2017 WL

5180304, at *11 (Oct. 25, 2017); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" his or her physical or mental ability to do "basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017). To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909.

The determination whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. They are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).

The severity regulation may be employed by the Commissioner as an administrative convenience to screen out claims that are totally groundless solely from a medical standpoint. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam).

The undersigned finds it unnecessary to decide whether the ALJ erred in failing to find Plaintiff's medically determinable impairment is severe. The Sixth Circuit has found it "legally irrelevant" that some of a claimant's impairments are found non-severe, when other impairments are found to be severe, because a finding of severity as to even one impairment clears the claimant of step two of the analysis and the administrative law judge should consider both the severe and non-severe impairments in the remaining steps. *See* Anthony v. Astrue, 266 Fed. Appx. 451, 457 (6th Cir. 2008) (citing Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987)). Thus, once a severe impairment is found, the administrative law judge must consider the "*combined effect*" of all the medically determinable severe and non-severe impairments in assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1523(c) (emphasis added), 404.1545(a)(2); Simpson v. Comm'r of Soc. Sec., 344 Fed. Appx. 181, 190-91 (6th Cir. 2009); White v. Comm'r of Soc. Sec., 312 Fed. Appx. 779, 787 (6th Cir. 2009). These procedural requirements serve both to ensure adequacy of review and give Plaintiff a better understanding of the disposition of her case.

According to the regulations, upon determining that a claimant has at least one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation outlined above. Maziarz, 837 F.2d at 244. Here, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, fibromyalgia, depression, and anxiety (Tr. 85). Accordingly, the ALJ continued with the remaining steps in the disability determination (Tr. 85-83). Because the ALJ considered the limitations imposed by Plaintiff's medically determinable severe and non-severe impairments in determining whether she retained sufficient residual functional capacity to allow her to return to her past relevant work and

to other jobs in the national economy (Tr. 88-93), the ALJ's failure to find that Plaintiff's headaches are "severe" within the meaning of the regulations could not constitute reversible error. Maziarz, 837 F.2d at 244.

## Challenge to Finding No. 5

1. Arguments of the Parties

Plaintiff contends that the ALJ's physical RFC determination is not supported by substantial evidence because the ALJ awarded significant weight to Dr. Sudhideb Mukherjee, M.D., but Plaintiff contends that this review is limited because Dr. Mukherjee "did not have the opportunity to review significant evidence submitted to the record after his review" (DN 15 PageID 1645). Therefore, Plaintiff asserts that "[t]he ALJ should have sought the benefit of medical expert testimony or sent [Plaintiff] for consultative examination with the examiner offering an opinion after examination as to limitations for a full and fair evaluation. The ALJ should not have assigned limitations *based on her review of the medical evidence* which it appears was done in this case" (Id. at PageID 1645-46) (emphasis added). Plaintiff also cites to Dr. Catrina Druen's more restrictive assessment, (Id. at PageID 1644), and argues that a remand is necessary for "proper consideration of the medical opinion of Dr. Druen" (Id. at PageID 1647).[3]

Defendant disputes Plaintiff's argument by claiming that "the ALJ considered the evidence related to limitations caused by Plaintiff's impairments and reasonably concluded that Plaintiff

---

3 As Defendant noted in their Fact and Law Summary, "Plaintiff's argument focuses on the ALJ's evaluation of the opinion evidence [specifically regarding Drs. Mukherjee and Druen] in assessing the physical RFC finding" (DN 20 PageID 1667 n.4). It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).

had the physical RFC to perform a range of sedentary work" with limitations (DN 20 PageID 1668). Defendant states that the "ALJ's thorough, well-reasoned decision considered the medical source opinions, medical evidence, and other evidence in assessing Plaintiff's physical RFC," gave significant weight to Dr. Mukherjee's opinion, "properly discounted the opinions of treating physician Catrina Druen, M.D.," "appropriately considered the medical evidence, including Plaintiff's unremarkable and normal physical examination findings," and "appropriately considered Plaintiff's level of treatment, daily activities, and other evidence in assessing the RFC finding" (Id.) (citing Tr. 88-92). Later in his argument, Defendant asserts, "[T]he ALJ's evaluation of Dr. Mukherjee's opinion was proper under the regulations and supported by substantial evidence. It was well within the ALJ's purview to evaluate the record in assessing the RFC finding and make findings regarding the opinion evidence, and she did not abuse that discretion in this instance" (Id. at PageID 1671).

2. Discussion

The RFC finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). The ALJ makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC finding the ALJ must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a). While opinions from treating and examining sources are considered on the issue of RFC, the ALJ is responsible for making that determination. 20 C.F.R. § 404.1527(d).

There is a difference between a medical opinion and an RFC Assessment prepared by the ALJ. The medical opinion is submitted by a medical source and expresses impairment-related functional limitations. 20 C.F.R. §§ 404.1513(a)(2), 404.1527(a)(1). By contrast, the RFC Assessment is the ALJ's ultimate finding of what the claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546.

In making her determination, the ALJ "assign[ed] significant weight to the opinion of Dr. Sudhideb Mukherjee, the state agency medical consultant[]. In October 2017, Dr. Mukherjee assessed the evidentiary record concerning the claimant's physical capacity" (Tr. 90) (citing Tr. 317-32). The ALJ found that "[p]ursuant to its consistency with the record as a whole, the [ALJ] conclude[d] that Dr. Mukherjee's opinion is persuasive and merits significant weight" (Id.). While not citing the precise regulation, the C.F.R. states, "Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." 20 C.F.R. § 404.1527(c)(4).

Later in her opinion, the ALJ "allocate[d] minimal weight to the opinion of Dr. Catrina Druen" (Tr. 91). This "minimal weight" is because the ALJ found that "[t]he treatment records from Dr. Druen are sparse and … her opinion is not consistent with the record as a whole" (Id.). The ALJ supports this by concluding that "objective observations … and other treating and examining providers fail to support the degree of limitation reported by the claimant or indicated by [the ALJ's] opinion. Further, the extreme limits imposed by Dr. Druen are inconsistent with the claimant's attempted work activity and her daily activities" (Id.). This determination of weight is the inverse to Dr. Mukherjee's consistency. While more weight will be awarded to an opinion that is more consistent with the record as a whole, minimal weight, like here, will be

awarded to an opinion that is not consistent with other medical evidence or opinions in the record. *See* 20 C.F.R. § 404.1527(c)(4).

As both Plaintiff and Defendant have noted, the ALJ ultimately found "more significant limitations than those" opined by Dr. Mukherjee (DN 15 PageID 1644; DN 20 PageID 1671). Dr. Mukherjee found that Plaintiff could occasionally climb ramps or stairs, never climb ladders or ropes or scaffolds, occasionally stoop, occasionally crouch, and occasionally crawl (Tr. 329). In comparison, Dr. Druen found that Plaintiff could walk four city blocks without rest or severe pain, could sit without needing to get up for thirty minutes, could stand without have to sit down for thirty minutes, can stand and sit for less than two hours in an eight-hour day, Plaintiff would need to walk around for eight minutes every thirty minutes during an eight-hour day, would have to take unscheduled breaks, rarely lift less than ten pounds but never more than that, and never twist or stoop or crouch or climb stairs and ladders (Tr. 1557-60). This shows that there would still be some overlap in agreed limitations, such as never climbing ladders and, to at least some extent, limitations for stooping, crouching, and crawling.

This use of "more significant limitations" further emphasizes that the ALJ awarded significant weight to Dr. Mukherjee, applied his opinion in crafting an appropriate RFC, but also thoroughly considered the other medical evidence and Dr. Druen's opinion, even with the minimal weight being awarded. Further, turning to the ALJ's claim that Dr. Druen's reports were sparse, Dr. Druen's treatment records amounted to five (5) cumulative pages, including a fax cover sheet, (Tr. 1556-60) in comparison to a record of over one thousand (1000) pages.

The ALJ also specifically detailed medical evidence and results that occurred before and after Dr. Mukherjee's examination, such as an MRI of Plaintiff's cervical spine in October 2016

(finding normal cervical lordosis, spondylosis, and mild central narrowing), another MRI of the cervical spine in November 2017 (showing severe foraminal stenosis at the C5/C6 and C6/C7 levels), a third MRI in November 2018 showing chronic spondylosis and disc herniation at the C5/C6 and C6/C7 levels, and a fourth MRI in January 2018 showing disc osteophyte complex causing moderate canal stenosis and bilateral neuroforaminal stenosis; an MRI of Plaintiff's lumbar spine, from February 2018, revealing an asymmetric bulge at the L4/L5 level, mild central canal and bilateral lateral recess narrowing, and left S1 nerve root compromise; a second lumbar MRI from November 2018, which showed "only a small to moderate subligamentous disc herniation" at the L5/S1 level; several examination of neck and back pain complaints, which noted full motor strength in all muscle groups in the upper and lower extremities, with the exception of slight left grip weakness; and a review of pain complaints resulting from a motor vehicle crash, but back surgery is being delayed (Tr. 89-90) (citing 1204-1342, 1386-1418, 1480-81, 1511-35, 1536-1551). Drawing attention to, and subsequently placing limitations to accommodate for, Plaintiff's "slight left grip weakness," the ALJ limited Plaintiff to "frequent handling and fingering with the left non-dominant arm, with no limits for the dominant right arm" (Tr. 88-89), which highlighted the ALJ's consideration of the vast amount of medical information present and the need to craft an RFC to properly accommodate Plaintiff's limitations.

Therefore, as noted previously, the ALJ is responsible for making that determination. 20 C.F.R. § 404.1527(d). The ALJ's RFC determination is supported by substantial evidence, and the ALJ did not abuse her discretion when awarding significant weight to Dr. Mukherjee and minimal weight to Dr. Druen. As such, Plaintiff claim regarding Finding Number 5 fails.

Challenge to Finding No. 10

Plaintiff claims that the ALJ's determination that "there are jobs that exist in significant numbers in the national economy that the claimant can still perform" is not supported by substantial evidence, specifically in that "[v]ocational expert testimony identifying jobs is not substantial evidence to support the ability to perform work unless the hypothetical question which elicited identification of jobs accurately portrays the physical and mental limitations at issue" (DN 15 PageID 1650). However, Plaintiff does not attempt to expand on this claim, as she only cited to Varley v. Sec. of H.H.S., 820 F.2d 777, 779 (6th Cir. 1987).

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); *see also* Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived."); Rice v. Comm'r of Soc. Sec., 2006 WL 463859, at *2 (6th Cir. 2006) (unpublished opinion).

Therefore, Plaintiff's challenge as to Finding Number 10 is deemed waived, and the ALJ's hypothetical questioning to the vocational expert created substantial evidence for the ALJ to rely upon.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this

Court's place to re-try or re-evaluate the findings of the ALJ.  42 U.S.C. § 405(g).  Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law.  (Id.).  After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law.   Therefore, Plaintiff is not entitled to relief with regard to her challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

January 5, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:        Counsel of Record